IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL HORAN,

                Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

                Defendants.

NO. C10-1383 TEH

ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

This matter comes before the Court on Plaintiff Michael Horan's motion to enforce the settlement agreement. Horan requests that the Court order Defendant City and County of San Francisco ("City") to provide notice of payment of back wages to the San Francisco Employees Retirement System as required in the settlement agreement, and he further requests that the City be ordered to pay interest on the $250,000 settlement payment. After carefully reviewing the parties' written arguments, the Court finds oral argument to be unnecessary and now VACATES the September 30, 2013 hearing date. Horan's motion is DENIED for the reasons discussed below.

**BACKGROUND**

The parties reached a tentative settlement on September 2, 2011. Bond Decl. ¶ 3. Horan and the City "reached agreement on the terms of a Settlement in mid-November 2011." *Id.* ¶ 9. Horan signed the settlement agreement on November 15, 2011, and his counsel signed on December 29, 2011. Settlement Agreement at 7 (Ex. 3 to Pierce Decl.) ("Agreement").[1] The City's representative signed the Agreement on March 1, 2012, and

---

[1] The Agreement was also attached as Exhibit A to the Bond Declaration filed by the City in opposition to the motion.

United States District Court
For the Northern District of California

1 Defendants' counsel signed on March 6, 2012. *Id.* at 7-8. The City did not sign the
2 agreement earlier because it was waiting for finalization of a conciliation agreement in
3 related proceedings before the Equal Employment Opportunity Commission, which Horan
4 did not sign until February 27, 2012. Bond Decl. ¶ 9 & Ex. B at 6. The Agreement provided
5 that it "is contingent on final approval by the San Francisco Recreation and Parks
6 Commission and the San Francisco Board of Supervisors and that this Agreement will not
7 become effective absent such final approval." Agreement ¶ 3.

8     The Recreation and Parks Commission approved the settlement on April 19, 2012, and
9 the Board of Supervisors processed the settlement during the week of June 11, 2012. Bond
10 Decl. ¶ 14. The settlement then proceeded through the Board of Supervisors' Rules
11 Committee, which considered the settlement at several meetings and finally approved the
12 Agreement and referred it to the full Board of Supervisors on November 1, 2012. *Id.* ¶¶ 15-
13 16. The full Board "reviewed the Settlement at its November 7 and November 20 meetings
14 and referred it to the Mayor, who signed it on December 7, 2012." *Id.* ¶ 16. The City argues
15 that the Agreement did not become effective until that date.

16     The Agreement required the City to pay $250,000 to Horan and his counsel with three
17 separate checks: $46,296.78 to Horan for "general damages for personal injury, including
18 allegations of emotional injury"; $120,000 to Horan for back wages; and $83,703.22 to
19 Horan's counsel for attorneys' fees and costs. Agreement ¶ 1(a) (Ex. 3 to Pierce Decl.). The
20 Agreement did not provide a deadline by which payment had to be processed or received,
21 and the Agreement was also silent on whether Horan was entitled to interest after a certain
22 date. All three checks were received by Horan's counsel by February 5, 2013. Pierce Reply
23 Decl. ¶ 2 (stating that the checks for $46,296.78 and $83,703.22 were dated January 24,
24 2013, and received on February 4, 2013, and that the check for $120,000 was dated
25 February 4, 2013, and received the following day).

26     The Agreement further required that, "[n]o later than 30 days after the first business
27 day after payment is made to Plaintiff as described . . . above, the City will notify the San
28 Francisco Employees Retirement System of the payment of back wages to Plaintiff."

2

Agreement ¶ 1(b). The City provided evidence that the notification was timely provided, Zhang Decl. ¶ 4 & Ex. B, and Horan subsequently withdrew his request for enforcement of this provision, Reply at 2.

**DISCUSSION**

The only issue remaining before the Court is Horan's request for interest on the $250,000 he and his counsel received as a result of the settlement. Horan asserts that he is entitled to such interest because the City breached the Agreement, which both parties agree is a contract governed by state law. For example, he argues that the City "became obligated to pay contractual damages" by the Agreement, and that California Civil Code section 3287(a) applies to "'damages' resulting from breach of contract." Reply at 2. He also relies on California Civil Code section 3289(b) to argue that a 10 percent annual interest rate is proper. Reply at 2-3. By its own terms, that section applies only "after a breach." Cal. Civ. Code § 3289(b).

The problem with Horan's argument is that he never establishes that the City breached the Agreement. He contends that his right to receive the $250,000 accrued once a settlement agreement was reached in 2011, but the terms of the Agreement state that it would not become effective until after the Board of Supervisors approved it. Likewise, Horan suggests that the City acted in bad faith in delaying approval of the Agreement and payment of the $250,000 settlement amount, but he has neither submitted evidence of bad faith nor established that the delays in approval or payment constitute a breach of the Agreement giving rise to damages. Accordingly, the Court DENIES Horan's request to order payment of interest.

**IT IS SO ORDERED.**

Dated: 09/26/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

3